# EXHIBIT A

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME<br>Lane J. Schiff, Esquire | TELEPHONE NUMBER<br>215-545-7676 | COUNTY OF VENUE<br>Mercer |
|---|---|---|

| FIRM NAME (if applicable)<br>Console Mattiacci Law, LLC | DOCKET NUMBER (when available) |
|---|---|

| OFFICE ADDRESS<br>110 Marter Avenue, Suite 502<br>Moorestown, NJ 08057 | DOCUMENT TYPE<br>Complaint |
|---|---|
| | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Richard Falk, Plaintiff | CAPTION<br>Richard Falk v. Aetna Life Insurance Company, Aetna Resources, LLC & Aetna, Inc. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>618 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☒ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☒ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**CONSOLE MATTIACCI LAW LLC**
**By:** Stephen G. Console, Esquire
    Laura C. Mattiacci, Esquire
    Lane J. Schiff, Esquire
    110 Marter Avenue, Suite 502
    Moorestown, NJ 08057
    Attorneys for Plaintiff, Richard Falk

| | |
|---|---|
| **RICHARD FALK** : | **SUPERIOR COURT OF NEW JERSEY** |
| **7 Westbury Court** : | **LAW DIVISION** |
| **Robbinsville, NJ 08691** : | **MERCER COUNTY** |
|       **Plaintiff,** : | |
| : | |
|   **v.** : | **COMPLAINT AND JURY DEMAND** |
| : | |
| **AETNA LIFE INSURANCE COMPANY** : | |
| **151 Farmington Avenue** : | |
| **Hartford, CT 06156** : | |
| : | |
| : | |
| **AETNA RESOURCES, LLC** : | |
| **151 Farmington Avenue** : | |
| **Hartford, CT 06156** : | |
| : | |
| : | |
| **AETNA, INC.** : | |
| **151 Farmington Avenue** : | |
| **Hartford, CT 06156** : | |
| : | |
|       **Defendants.** : | |

<u>**COMPLAINT**</u>

**I.**    <u>**INTRODUCTION**</u>

    Plaintiff, Richard Falk, ("Plaintiff"), brings this action against his former employer,

Aetna Life Insurance Company, Aetna Resources, LLC, and Aetna, Inc., ("Defendants).

Plaintiff, a thirty (30) year employee of Defendants was terminated because of his age and

disability, in violation of the New Jersey Law Against Discrimination, as amended N.J.S.A.

10:5-1, *et seq.* ("NJLAD"), the Age Discrimination in Employment Act, as amended, 29 U.S.C.

§ 623 *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"). Plaintiff seeks all damages available under law, including economic damages, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, and all other relief that this Court deems appropriate.

## II.   **PARTIES**

1. Plaintiff individual and citizen of the state of New Jersey. He resides in Robbinsville, New Jersey.

2. Plaintiff was fifty-six (56) years of age at the time of his termination.

3. Plaintiff suffers from Multiple Sclerosis. Multiple Sclerosis is a disability under the law, in that it substantially impairs one or more of Plaintiff's major life activities.

4. At all times relevant, Plaintiff worked out of his home office in Robbinsville, New Jersey.

5. Defendant, Aetna, Inc., is corporation doing business in New Jersey

6. Defendant, Aetna Life Insurance Company, is a corporation doing business in New Jersey.

7. Defendant, Aetna Resources, LLC, is a corporation doing business in New Jersey.

8. At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendants' business.

9. At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, collectively controlled Plaintiff's job duties and responsibilities, and collectively caused the actions complained of herein.

10. At all times material hereto, Defendants were employers within the meanings of the statutes which forms the basis of this matter.

11. At all times material hereto, Plaintiff was an employee of Defendants within the meanings of the statutes which forms the basis of this matter.

## III. JURISDICTION AND VENUE

12. Venue properly lies in this Court, under Rule 4:3-2(b), as the cause of action arose in Mercer County.

13. On or about March 26, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Charge (with personal identifying information redacted).

14. On or about August 18, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue for his Charge of Discrimination ("Notice"). Attached hereto, incorporated herein and marked as Exhibit "B" is a true and correct copy of the Notice (with personal identifying information redacted).

## IV. FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants from in or about August 1987 until on or about March 23, 2018, the date of his unlawful termination of employment.

16. From 2012 until his termination, Plaintiff held the position of Medical Economics Manager.

17. Plaintiff consistently performed his job duties in a positive manner.

18. In or about 1997, Plaintiff was diagnosed with his disability.

19. In or about late 2016, Defendants offered an Early Retirement Program to incent older workers, including, but not limited to, Plaintiff, to terminate their employment with Defendants.

20. Defendants did not attempt to incent younger workers to leave their employment.

21. Plaintiff declined to accept the Early Retirement Program and terminate his employment with Defendant.

22. In or about November of 2017, Plaintiff began reporting to Alan Roberts (approximate age 45), Vice President Medicare.

23. Roberts reports to Nancy Cocozza (approximate age 48), President Medicare Business.

24. In or about early December 2017, Plaintiff informed Roberts of his disability.

25. Roberts treated Plaintiff differently, and in a more dismissive manner, than he treated his younger and/or non-disabled direct reports.

26. On or about January 11, 2018, Roberts notified Plaintiff that Defendant was terminating his employment, effective March 23, 2018.

27. At the time of his termination, Plaintiff was the oldest, to the best of Plaintiff's knowledge, and only disabled employee who reported to Roberts.

28. At the same time that Defendants terminated Plaintiff's employment, Defendants also terminated the employment of Carolyn Carey (approximate age 50), Senior Information Director.

29. Plaintiff was replaced by Elliot Nazos (approximate age 37 and, to the best of Plaintiff's knowledge, not disabled), Informatics Consultant.

30. Nazos is less qualified than Plaintiff.

4

31. Roberts told Rohit Kumar, Senior Director, Medicare Data Engineering, that Defendant terminated Plaintiff because of his "communication" problems, which are symptom of Plaintiff's disability. Kumar informed Plaintiff of the same.

32. Defendants' stated reason that Plaintiff was terminated due to a reorganization is a pretext.

33. Kumar informed Plaintiff that based on his conversation with Roberts, Defendants would not likely hire Plaintiff into another position at Defendants because of his alleged "communication" problems.

34. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the decision to terminate Plaintiff's employment.

35. Plaintiff's actual and/or perceived disability and/or record of impairment was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff including the decision to terminate Plaintiff's employment.

36. Subsequent to being notified of his termination, Plaintiff received a positive performance review and a performance based bonus.

37. On or February 16, 2018, Plaintiff applied for a Population Health Specialist position with Defendants.

38. Plaintiff was qualified for the Population Health Specialist position.

39. Plaintiff never received a response to his application for the Population Health Specialist position.

40. On or about February 16, 2018, Plaintiff applied for a Senior SAP Business Objects Reporting Lead position at Defendant.

41. Plaintiff was qualified for the Senior SAP Business Objects Reporting Lead position.

42. On February 22, 2018, Defendants informed Plaintiff that he was not being hired into the SAP Business Objects Reporting Lead position.

43. Defendants' stated reason was that Defendants "selected other candidates for consideration whose background more closely match the job requirements."

44. Defendants' stated reason is a pretext.

45. Defendants failed to accommodate Plaintiff, when Defendants knew Plaintiff had a disability and failed to place him in open positions for which he was qualified.

46. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the decision not to hire him into the Population Health Specialist position, the SAP Business Objects Reporting Lead position, and any other position for which Plaintiff was qualified.

47. Plaintiff's actual and/or perceived disability and/or record of impairment was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the decision not to hire him into the Population Health Specialist position, the SAP Business Objects Reporting Lead position, and any other position for which Plaintiff was qualified.

48. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I - NJLAD

50. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

51. Defendants, by the above described discriminatory acts, has violated the NJLAD.

52. Said violations were intentional, willful, especially egregious, and warrant the imposition of punitive damages.

53. Upon information and belief, Defendants' upper management participated in, or were willfully indifferent to, the violations of the NJLAD complained of herein, warranting the imposition of punitive damages.

54. As a direct and proximate result of Defendants violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein.

55. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

56. No previous application has been made for the relief requested herein.

## COUNT II – ADA

57. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADA.

59. Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

60. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

61. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

62. No previous application has been made for the relief requested herein.

## COUNT III - ADEA

63. Plaintiff incorporates herein by reference the above paragraphs, as if set forth herein in their entirety.

64. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

65. Defendants' violations were intentional and willful under the circumstances, and warrant the imposition of liquidated damages.

66. As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

67. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

68. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(b) declaring the acts and practices complained of herein to be in violation of the ADA;

(c) declaring the acts and practices complained of herein to be in violation of the ADEA;

(d) entering judgment against Defendants and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

(f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

(g) awarding Plaintiff back-pay;

(h) awarding Plaintiff front-pay;

(i) awarding Plaintiff costs of this action, together with attorneys' fees;

(j) awarding liquidated damages to Plaintiff;

(k) awarding punitive damages to Plaintiff;

(l) awarding such other damages as are appropriate under the NJLAD, ADA, and ADEA; and,

(m) granting such other and future relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

By: _____
Stephen G. Console, Esquire
Laura C. Mattiacci, Esquire
Lane Schiff, Esquire
110 Marter Ave, Suite 502
Moorestown, NJ 08057
(856) 854-4000
(215) 405-2964 (FAX)
schiff@consolelaw.com

Dated: November 13, 2018

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues pursuant to R. 4:35-1(a) and R. 1:8-2(b).

CONSOLE MATTIACCI LAW, LLC

By: _____

Stephen G. Console, Esquire
Laura C. Mattiacci, Esquire
Lane J. Schiff, Esquire
110 Marter Ave, Suite 502
Moorestown, NJ 08057
(856) 854-4000
(215) 405-2964 (FAX)
schiff@consolelaw.com
Attorneys for Plaintiff

Dated: November 13, 2018

11

## RULE 4:5-1 CERTIFICATION

I, Lane J. Schiff, Esquire, of full age and on my oath do certify to the following:

1.       To my knowledge, at present, there are no other claims pending in either arbitration or other actions at law pending as a result of Plaintiff's claim.

2.       To my knowledge, there are no other parties necessary in this litigation at present.

I am aware that I am subject to punishment if the above is untrue.

CONSOLE MATTIACCI LAW, LLC

By: _____

Stephen G. Console, Esquire
Laura C. Mattiacci, Esquire
Lane J. Schiff, Esquire
110 Marter Ave, Suite 502
Moorestown, NJ 08057
(856) 854-4000
(215) 405-2964 (FAX)
schiff@consolelaw.com
Attorneys for Plaintiff

Dated: November 13, 2018

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Laura C. Mattiacci, Esquire, is designated as trial counsel for Plaintiff, in the above-captioned matter.

CONSOLE MATTIACCI LAW, LLC

By: _____

Stephen G. Console, Esquire
Laura C. Mattiacci, Esquire
Lane Schiff, Esquire
110 Marter Ave, Suite 502
Moorestown, NJ 08057
(856) 854-4000
(215) 405-2964 (FAX)
schiff@consolelaw.com
*Attorneys for Plaintiff*

Dated: 11/13/2018

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | ⊙ FEPA<br>X EEOC | |
| STATE OR LOCAL AGENCY: | | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Richard Falk** | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|
| STREET ADDRESS ▆ | CITY, STATE AND ZIP<br>Robbinsville, NJ 08691 | DATE OF BIRTH ▆ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Aetna; Aetna Life Insurance Company;**<br>**Aetna Resources, LLC; Aetna, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(800) 872-3862 |
|---|---|---|
| STREET ADDRESS<br>151 Farmington Avenue | CITY, STATE AND ZIP<br>Hartford, CT 06156 | COUNTY<br>Hartford |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>⊙ Race   ⊙ Color   ⊙ Sex   ⊙ Religion   ⊙ National Origin<br>⊙ Retaliation   X Age   X Disability   ⊙ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 03/23/2018 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent in or about August 1987. I last held the position of Medical Economics Manager. I last reported to Alan Roberts (45[a]), Vice President Medicare. Roberts reports to Nancy Cocozza (48), President Medicare Business. I worked out of my home office in New Jersey.

Respondent informed me of my termination on January 11, 2018, and terminated my employment on March 23, 2018. I am age fifty-six (56) with more than thirty (30) years of service at Respondent. Respondent was aware that I have been diagnosed with multiple sclerosis and exhibited symptoms of my disability. When I was terminated, Respondent replaced me with a substantially younger employee who does not, to my knowledge, have a disability. Respondent retained substantially younger employees and employees who do not, to my knowledge, have a disability.

I consistently demonstrated excellent performance and dedication to Respondent. By way of example, I received positive performance reviews and feedback, and performed my job duties and responsibilities in a highly competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date:          Charging Party *(Signature)*:<br><br><br>3/24/18  *Richard A. Falk* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – ℛ 𝒮𝒻

2.      Harm Summary

I have been discriminated against because of my age (56) and my disability (multiple sclerosis). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) In or about December 1997, I was diagnosed with multiple sclerosis.

(b) My symptoms include difficulty with speaking, fine motor skills, and handwriting, and fatigue.

(c) In or about November 2017, I began reporting to Roberts.

(d) I was the oldest employee that directly reported to Roberts.

(e) I was the only disabled employee, to my knowledge, that directly reported to Roberts.

(f) The following employees report to Roberts: Elliott Nazos (37), Informatics Consultant; Rohit Kumar (37), Senior Director Medicare Data Engineering; Daniel Callahan (35), Senior Information Director.  I am more qualified to perform Nazos's position and equally as qualified to perform Callahan's position.

(g) Roberts treated me differently, and in a more dismissive manner, than he treated his younger and/or non-disabled direct reports.  Roberts ignored me and did not communicate with me, unlike how he interacted with his younger and/or non-disabled direct reports.

(h) On January 11, 2018, in a phone call with Roberts, Respondent notified me that it would be terminating my employment, effective March 23, 2018.  The stated reason was job elimination due to reorganization.  This was the first, and only, time that I spoke with Roberts one on one since December 7, 2017.

(i) I was informed that Nazos would take over my job duties.  I am more qualified to perform my job duties than the substantially younger, non-disabled employee retained and given my job duties.

(j) On or about January 13, 2018, I learned that Roberts told Kumar that Roberts terminated me because of my "communication" problems, a symptom of my disability.  Kumar also informed me that he believed, based on his conversation with Roberts, that Respondent would not hire me into another position at Respondent because of my alleged "communication" problems.  I understood these comments and this conduct by Respondent to be discriminatory based on my disability.

(k) On January 25, 2018, I received a positive performance review.

(l) On February 16, 2018, I applied for a Population Health Specialist position at Respondent.  I am qualified for the position.  I have not received a response to my application.

(m) On February 16, 2018, I applied for a Senior SAP Business Objects Reporting Lead position at Respondent.  I am qualified for the position; I had been working in the department in which this position is located.  On February 22, 2018, Respondent failed to hire me into the position.  The stated reason was that Respondent "selected other candidates for consideration whose background more closely match the job requirements."  Respondent failed to provide any explanation as to why I was not selected for the position.

2018 MAR 2??  4: 03
RECEIVED - EEOC
PHILADELPHIA D.O.

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Initials of Charging Party –** *R S P*

(n)  Respondent failed to hire me into any of the positions for which I am qualified.

(o)  On March 2, 2018, I was notified that I would receive a bonus based on my positive performance review.

(p)  On March 23, 2018, I was terminated.

(q)  I had no performance or disciplinary issues during my employment with Respondent.

(r)  Respondent provided me with no explanation, including the selection criteria, as to why I was terminated while Nazos and the other younger and/or non-disabled comparators were retained.

(s)  Respondent provided me with no explanation as to why I was not offered another position with Respondent, including but not limited to those positions for which I applied.

(t)  Respondent failed to accommodate my disability by failing to offer me open positions for which I was qualified.

(u)  Carolyn Carey (50), Senior Information Director, and I were Roberts' only direct reports terminated effective March 23, 2018.

(v)  Respondent provides financial incentives for older employees, but not younger employees, to leave the workforce.  This is evidence of Respondent's desire to have older employees, but not younger employees, leave its workforce.  This is evidence of an illegal age bias.

B.  1.  Respondent's Stated Reasons

(a)  Respondent's stated reason for terminating my employment, job elimination due to reorganization, is pretext for age and/or disability discrimination.

(b)  Respondent did not provide any explanation for failing to hire me into any of the jobs for which I am qualified and applied.

C.  1.  Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (56) and disability (multiple sclerosis), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard Falk | From: | Philadelphia District Office |
|---|---|---|---|
| | Robbinsville, NJ 08691 | | 801 Market Street Suite 1300 Philadelphia, PA 19107 |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 530-2018-02879 | Legal Unit, Legal Technician | | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.
- [X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.
- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Janie R. Williamson,
District Director

8/16/2018
(Date Mailed)

Enclosures(s)

cc:
Neal Murphy
Aetna Resources, LLC
151 Farmington Ave., RW61
Law Department
Hartford, CT 06156

Emily Derstine Friesen
CONSOLE MATTIACCI LAW
1525 Locust Street
9th Floor
Philadelphia, PA 19102

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-002376-18

**Case Caption:** FALK RICHARD  VS AETNA LIFE
INSURANCE  COMPANY

**Case Initiation Date:** 11/13/2018

**Attorney Name:** LANE JUSTIN SCHIFF

**Firm Name:** CONSOLE MATTIACCI LAW, LLC

**Address:** 1525 LOCUST ST 9TH FL
PHILADELPHIA PA 191020000

**Phone:**

**Name of Party:** PLAINTIFF : Falk, Richard

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/13/2018</u>
Dated

<u>/s/ LANE JUSTIN SCHIFF</u>
Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068

                                  TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   NOVEMBER 13, 2018
                    RE:     FALK RICHARD  VS AETNA LIFE INSURANCE  COMPANY
                    DOCKET: MER L -002376 18


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON RONALD X. SUSSWEIN


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      050
AT:  (609) 571-4200.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LANE J. SCHIFF
                              CONSOLE MATTIACCI LAW, LLC
                              1525 LOCUST ST
                              9TH FL
                              PHILADELPHIA      PA 19102


ECOURTS